■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY DUKES, Appellant.—Judgment of the Supreme Court, New York County (Francis N. Pecora, J.), rendered on April 15, 1983, convicting defendant of robbery in the second degree

and sentencing him, as a predicate felony offender, to an indeterminate term of imprisonment of from 3 to 6 years, is unanimously affirmed.

There is no merit to defendant's contention that the trial court abused its discretion in denying his motion to withdraw his previously entered guilty plea or in declining to make further inquiry into the matter. The court afforded defendant ample opportunity to state the reason for his seeking withdrawal. However, defendant only alleged that he had been misinformed by counsel as to the effect upon sentencing of his status, as a second felony offender, and made otherwise conclusory assertions of a lack of understanding concerning the proceedings in which he had participated. These claims are insufficient to undermine the validity of a plea arrangement obtained with the benefit of counsel *(People v Billingsley,* 54 NY2d 960, 961). Further, there is no support in the record for defendant's argument that his attorney admitted misinforming him about his status. Accordingly, defendant's allegation that he was deprived of "meaningful representation" is unpersuasive *(People v Baldi,* 54 NY2d 137, 147). There is, similarly, no substance to defendant's claim that the court erred in failing to examine his assertion that the complainant had threatened defendant in order to induce him to plead guilty. In that regard, defendant's counsel advised the court that the purported threat had no impact upon defendant's decision to enter a guilty plea, and, indeed, defendant twice agreed with this, immediately indicating that his plea was voluntary. The factual circumstances surrounding defendant's plea reveal that no further inquiry was required. Moreover, this argument was not raised in connection with the motion to withdraw of the plea and, therefore, was not preserved for our review. Concur—Sullivan, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.